**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**GETTY PETROLEUM MARKETING INC.,** *et al.,*<br><br>　　　　　　　**Reorganized Debtors.** | **Chapter 11**<br><br>**Case No. 11-15606 (SCC)**<br><br>**Jointly Administered** |
| **ALFRED T. GIULIANO,**<br>as Trustee of The Getty Petroleum Liquidating Trust,<br><br>　　　　　　　　　　　**Plaintiff,**<br><br>　　　　-against-<br><br>**CAMBRIDGE SECURITIES, LLC, BJORN AASEROD, JOSEPH SCOTT KARRO, and EISENBERG & CARTON**<br><br>　　　　　　　　**Defendants.** | **Adversary Proceeding**<br><br>**No. 13-01720 (SCC)** |
| **CAMBRIDGE SECURITIES, LLC, BJORN AASEROD and JOSEPH SCOTT KARRO,**<br><br>　　　**Defendants, Third-Party Plaintiffs,**<br><br>　　　　-against-<br><br>**AKIN GUMP STRAUSS HAUER & FELD LLP,**<br><br>　　　　**Third-Party Defendant.** | |

**THIRD-PARTY COMPLAINT**

Defendants and Third-Party Plaintiffs Cambridge Securities, LLC, Bjorn Aaserod and

Joseph Scott Karro, by their undersigned attorneys, as and for their Third-Party Complaint against

Third-Party Defendant Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), state as follows:

## THE PARTIES

1.  Defendant and Third-Party Plaintiff Bjorn Aaserod ("Mr. Aaserod") is an individual residing in the State of New York, County of New York.

2.  Defendant and Third-Party Plaintiff Joseph Scott Karro ("Mr. Karro") is an individual residing in the State of New York, County of New York.

3.  Defendant and Third-Party Plaintiff Cambridge Securities, LLC ("Cambridge Securities") is a limited liability company organized and existing under the laws of Delaware, which did business in the State of New York, County of New York, during all relevant times.

4.  Upon information and belief, Third-Party Defendant Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") is a limited liability partnership organized and existing under the laws of Texas, which did business in the State of New York, County of New York, during all relevant times.

## JURISDICTION AND VENUE

5.  This action arises out of Akin Gump's transactions of business in the State of New York, County of New York and/or Akin Gump's commission of the tortious acts described below, which have caused injury to Messrs. Aaserod and Karro in the State of New York.

6.  Akin Gump represented the Debtors (among other parties related to these actions) prior to the filing of the Chapter 11 petitions.

7.  The Plan Administrator filed an adversary proceeding [AP No. 13-01778] against Akin Gump for fraudulent conveyances and preferences.

8.  That action was settled based upon Akin Gump's position as counsel for LUKOIL AMERICAS CORPORATION in the Order approving the settlement [Doc. 124].

9. By accepting the dismissal of that action and receiving the benefit of the releases contained in that Stipulation and Order, Akin Gump consented to the jurisdiction of this Court in this case.

10. This Third Party Complaint arises in and relates to GPMI's chapter 11 case, commenced by voluntary petition on December 5, 2011 (the "Petition Date"). The Court thus has jurisdiction over this Third Party Complaint pursuant to 28 U.S.C. §§ 157 and 1334.

11. The claims and causes of action asserted in this Complaint constitute core proceedings pursuant to 28 U.S.C. § 157(b); in accordance with Local Bankruptcy Rule 7012-1, the Third Party Plaintiffs consent to the entry of final orders or judgment by a bankruptcy judge if it is determined that a bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a) because this proceeding arises in, and is related to, GPMI's bankruptcy cases pending in this District. The statutory bases for relief in this Adversary Proceeding are sections 541, 547, 548, 549 and 105 of the Bankruptcy Code and common breach of contract, negligence, fraudulent misrepresentation and indemnification.

## BACKGROUND

12. Beginning in our about 2004, Akin Gump represented Mr. Aaserod and several companies under his control.

13. Mr. Karro joined Mr. Aaserod in business in 2008, and after that time Akin Gump likewise represented Mr. Karro and companies under his and Mr. Aaserod's control.

14. For example, Akin Gump represented Mr. Aaserod and companies owned and controlled by him in connection with his efforts to acquire an ethylene gas transport business and

- 3 -

a subsequent transaction relating to the same, for which Akin Gump was paid a fee of $500,000 in or about October 2010.

15.   Akin Gump also represented Messrs. Aaserod and Karro and a company owned and controlled by them in connection with a transaction involving a proposed solar project in the Canary Islands.

16.   Likewise, in the fourth quarter of 2010, Akin Gump assisted Messrs. Aaserod and Karro in connection with the dissolution of Cambridge Global Capital Partners LLC ("CGCP").

17.   Subsequently, from in or about May 2011 to December 13, 2011, Akin Gump represented Messrs. Aaserod and Karro, as well as Defendant Cambridge Securities LLC, in an action relating to the dissolution of CGCP commenced by Carl Rasmussen (a CGCP Member) in the Supreme Court of the State of New York, County of New York, under Index Number 651093/2011.[1]

18.   In early December 2010, Akin Gump introduced Messrs. Aaserod and Karro to the opportunity to acquire Getty Petroleum Marketing, Inc. ("GPMI") from Lukoil Americas Corporation ("LAC").

19.   Subsequently, through and including February 7, 2011, Akin Gump assisted Messrs. Aaserod and Karro with due diligence and negotiating the stock purchase agreement (the "SPA") relating their acquisition, through Cambridge Petroleum, Inc. (" Cambridge Petroleum"), a company solely owned by Messrs. Aaserod and Karro, at the same time that Akin Gump also represented LAC with respect to precisely the same transaction.

20.   Notably, Akin Gump never deigned to advise Messrs. Aaserod and Karro of the conflict of interest with respect to such dual representation. However, on or about February 7,

---

[1]   The undersigned, Eisenberg & Carton, was substituted as defendants' counsel on December 15, 2011, and on October 23, 2013 won a full defense verdict after the trial of the action.

2011, Akin Gump advised Messrs. Aaserod and Karro to obtain separate counsel for purposes of finalizing the SPA, and they did so.

21. The SPA was executed on Friday, February 11, 2011.

22. Subsequently, by letter on Monday, February 14, 2011 (i.e., the first business day following the execution of the stock purchase agreement), Akin Gump confirmed that it "will be representing (i) from February 14, 2011, Cambridge Securities LLC (collectively, with its affiliates, including without limitation Cambridge Petroleum Holdings Inc. ('Cambridge') and (ii) after the closing date of the Transaction (as defined below), Getty Petroleum Marketing, Inc. (collectively with its subsidiaries 'Getty') in connection with certain corporate law and other matters including the negotiation of Getty's leases with Getty Properties Corp. and negotiating a settlement of Getty's pending arbitration with Bionol Clearfield LLC (the 'Getty Representation')." A true and correct copy of Akin Gump's February 14, 2011 letter is attached as Exhibit A.

23. Cambridge Petroleum's acquisition of GPMI closed on February 28, 2011.

## AS AND FOR A CAUSE OF ACTION FOR INDEMNIFICATION
### (Based Upon Legal Malpractice)

24. Third-Party Plaintiffs hereby repeat and reallege each of the allegations set forth in paragraphs 1 through 23, inclusive, as if fully set forth herein.

25. Mr. Aaserod entered into a Service Agreement with GPMI and its subsidiaries dated as of February 28, 2011. A copy of Mr. Aaserod's Service Agreement is attached as Exhibit B.

26. Among other things, Mr. Aaserod's Service Agreement provides at Section 5(d) thereof:

> Pension Plan. The Company shall provide to the CEO an initial contribution of One Million Two Hundred Thousand Dollars ($1,200,000) to an annuity ("Annuity") as directed by the CEO. The Company is responsible for the payment of all taxes incurred by

the CEO regarding any contribution to the Annuity. Additionally, the Company shall During the Term contribute an amount equal to a minimum of thirty percent (30%) of the CEO Base Salary per annum, as subsequent contribution to the Annuity.

27.   In addition, among other things, Mr. Aaserod's Service Agreement provides at

Section 5(i) thereof:

Designation of Payee. CEO may at his discretion direct the Company to pay his compensation hereunder to an entity under CEO's control ("Payee"). If he makes this determination the Company shall reimburse the Payee for any payroll taxes that it has to pay with respect to the receipt or distribution of CEO's compensation.

28.   Mr. Karro entered into a Service Agreement with GPMI and its subsidiaries dated as

of February 28, 2011. A copy of Mr. Karro's Service Agreement is attached as Exhibit C.

29.   Among other things, Mr. Karro's Service Agreement provides at Section 5(d)

thereof:

Pension Plan. The Company shall provide to the CFO an initial contribution of Six Hundred Thousand Dollars ($600,000) to an annuity ("Annuity") as directed by the CFO. The Company is responsible for the payment of all taxes incurred by the CFO regarding any contribution to the Annuity. Additionally, the Company shall During the Term contribute an amount equal to a minimum of thirty percent (30%) of the CFO Base Salary per annum, as subsequent contribution to the Annuity.

30.   In addition, among other things, Mr. Karro's Service Agreement provides at Section

5(i) thereof:

Designation of Payee. CFO may at his discretion direct the Company to pay his compensation hereunder to an entity under CFO's control ("Payee"). If he makes this determination the Company shall reimburse the Payee for any payroll taxes that it has to pay with respect to the receipt or distribution of CFO's compensation.

31.   Akin Gump prepared Mr. Aaserod's Service Agreement on Mr. Aaserod's behalf.

32.   Akin Gump advised Mr. Aaserod that his Service Agreement is proper and

appropriate in all respects, including but not limited to with respect Section 5(d) concerning the

Pension Plan.

33. Mr. Aaserod relied upon Akin Gump's said advice in entering into his Service Agreement.

34. Akin Gump prepared Mr. Karro's Service Agreement on Mr. Karro's behalf.

35. Akin Gump advised Mr. Karro that his Service Agreement is proper, including but not limited to with respect Section 5(d) concerning the Pension Plan.

36. Mr. Karro relied upon Akin Gump's said advice in entering into his Service Agreement.

37. Akin Gump further advised Messrs. Aaserod and Karro that GPMI was solvent and that Messrs. Aaserod and Karro could and should operate GPMI in a manner consistent with such solvency.

38. Akin Gump provided additional advice regarding Messrs. Aaserod's and Karro's operation of GPMI, including (a) advising Messrs. Aaserod and Karro that they were entitled to be paid by GPMI $90,000 for services rendered to GPMI prior to the February 28, 2011 closing of the acquisition of the company (through Cambridge Petroleum) and (b) that it was proper for GPMI to pay Cambridge Securities $900,000 (i) for transferring Cambridge Securities' health insurance policy to GPMI, which afforded GPMI a savings of $2 million per year and (ii) for Cambridge Securities to serve as a financial "backstop" with respect to the sale of the GPMI headquarters building.

39. Messrs. Aaserod and Karro, and Cambridge Securities, relied upon Akin Gump's said advice in causing and/or permitting GPMI and its subsidiaries to make certain payments to Mr. Aaserod and Cambridge Securities as is designated Payee, including but not limited to the pension and tax gross up payments, the $900,000 payment to Cambridge Securities, and the

$90,000 paid for services rendered prior to the February 28, 2011 closing that the Trustee seeks to recover from Mr. Aaserod and Cambridge Securities in this Adversary Proceeding.

40.  Messrs. Aaserod and Karro and Cambridge Securities deny any and all wrongdoing as alleged in the Trustee's Adversary Proceeding Complaint, including but not limited to with respect to the pension and tax gross up payments that the Trustee seeks to recover from Messrs. Aaserod and Karro and Cambridge Securities in this Adversary Proceeding.

41.  However, in the event and to the extent that the Trustee somehow prevails with respect to those claims, Akin Gump must indemnify Messrs. Aaserod and Karro as well as Cambridge Securities for and to the extent of the same.

42.  Among other things, in the event that the Trustee's claims somehow are proven, the same will establish that Akin Gump's advice with respect to the Service Agreements was erroneous.

43.  In addition to that, to the extent that the Trustee's claims are proven, upon information and belief, Akin Gump's erroneous advice was the result of Akin Gump's negligence in that Akin Gump's conduct fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession engaged in a practice which includes providing advice and services of the type here at issue.

44.  Accordingly, to the extent that the Trustee's claims are proven, the Third-Party Plaintiffs will have thereby established Akin Gump's negligence, which is the proximate cause of the Third-Party Plaintiffs' loss and actual damages arising from the same.

WHEREFORE, Third-Party Plaintiffs Cambridge Securities, LLC, Bjorn Aaserod and Joseph Scott Karro request judgment against Third-Party Defendant Akin Gump Strauss Hauer & Feld LLP directing Akin Gump to (a) indemnify the Third-Party Plaintiffs and pay to the Trustee

on the Third-Party Plaintiffs' behalf any judgment awarded in in the Adversary Proceeding to the extent based upon pension payments and or tax gross up payments made to or on behalf of Messrs. Aaserod and Karro pursuant to their Service Agreements, and (b) award the Third-Party Plaintiffs their legal fees and expenses incurred in pursuing this third-party action against Akin Gump, (c) award the Third-Party Defendants their legal fees and expenses incurred in defending the adversary proceeding and (d) interest and such other and additional relief as the Court deems just and proper.

Dated: Port Jefferson, New York
September 15, 2014

EISENBERG & CARTON

By:

Lloyd M. Eisenberg
1227 Main Street, Suite 101
Port Jefferson, New York 11777
(631) 213-8282
leisenberg@eisenbergcarton.com
Attorneys for Defendants Cambridge
Securities, LLC, Bjorn Aaserod and
Joseph Scott Karro; and Defendant
Pro Se

Dated: Huntington, New York
September 15, 2014

THE LAW OFFICES OF AVRUM J.
ROSEN, PLLC

By:    /s/Avrum J. Rosen

Avrum J. Rosen
38 New Street
Huntington, New York 11743
631 423 8527
ajrlaw@aol.com
Co-counsel for Defendants Cambridge
Securities, LLC, Bjorn Aaserod and
Joseph Scott Karro